**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

#010381
(Inmate Number)

SAMUEL E. PULLINS
(Name of Plaintiff)

230 SANDERSON STREET
(Address of Plaintiff)

POTTSVILLE, PA. 17901

**1 : CV00-0872**
(Case Number)

**COMPLAINT**

vs.

SCHUYLKILL COUNTY, INDIVIDUALLY
AND IN ITS OFFICIAL CAPACITY AS DI-
RECTOR OF SCHUYLKILL COUNTY. ET AL
(Names of Defendants)

FILED
SCRANTON

MAY 16 2000

PER _____
DEPUTY CLERK

RECEIVED
SCRANTON

MAY 12 2000

PER _____
DEPUTY CLERK

**TO BE FILED UNDER:** _✓_ **42 U.S.C. § 1983 - STATE OFFICIALS**
_____ **28 U.S.C. § 1331 - FEDERAL OFFICIALS**

I.    **Previous Lawsuits**

    A.    If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

        A CIVIL SUIT AGAINST STATE OF PA, SCHUYLKILL COUNTY, AND CITY OF POTTSVILLE MARCH 2000, WHILE A PRISONER AT SCHUYLKILL COUNTY PRISON.

II.    **Exhaustion of Administrative Remedies**

    A.    Is there a grievance procedure available at your institution?
        _✓_Yes _____No

    B.    Have you filed a grievance concerning the facts relating to this complaint?
        _✓_Yes _____No

        If your answer is no, explain why not _____

III. **Defendants**

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A.   Defendant _COUNTY OF SCHUYLKILL_ is employed
as _DIRECTOR OF SCH. CO._ at _SCH. CO. COURTHOUSE 401 N. 2ND STREET POTTSVILLE, PA. 17901-2520._

B.   Additional defendants _SCH. CO. COMMISSIONER OFFICE IS EMPLOY- ED AS DIRECTOR OF SCH. CO. OPERRATIONS AT SCH. CO. COMMISSIONER OFFICE, 401 N. 2ND STREET, POTTS- VILLE, PA. 17901._

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1.   ON 10/26/99, DEFENDANTS INAPPROPRIATELY ALLOWED THE CIRCUMSTANCES IN WHICH MY LIFE WAS AT STAKE AND IN SERIOUS JEOPARDY. THE ADMINISTRA- TION HAS SUCCESSFULLY ALLOWED SUCH ATTACK A-

2.   GAINST MY LIFE. WHEN DURING THIS ALTERCATION BETWEEN PLAINTIFF AND OTHER INMATES RESIDENT GOMBZ, R., BROWN, C. AND CULBERT J. THE CORRECTION- AL OFFICER STEVE BLOSCHICHAK MADE NO ATTEMPT

3.   TO SUBDUE INMATE GOMBZ, R. FROM ASSAULTING PLAINTIFF WITH A MOP RINGER, WHEREAS DE- FENDANT STEVE BLOSCHICHAK PAID THESE IN- MATES TO INJURE, HARM AND/OR HURT PLAINTIFF

V.    Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1.    *SEE PART. V RELIEF ON ATACHED SHEETS*

2.

3.

Signed this ___8TH___ day of ___MAY___, 19__2000__.

*Samuel E. Sullins*
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

___5/8/2000___         *Samuel E. Sullins*
(Date)                        (Signature of Plaintiff)

PART. I DEFENDANTS                    DATE: 5/8/2000

# 010381
SAMUEL E. PULLINS
230 SANDERSON STREET
POTTSVILLE, PA. 17901


SCHUYLKILL COUNTY COMMISSIONER(S) OFFICE, INDIVIDUALLY AND IN ITS OFFICIAL CAPACITY AS DIRECTOR OF SCH.CO.; AND HEAD OF OPERATIONS OF SCHUYLKILL COUNTY PRISON; SCH. CO. COMMISSIONER, FORREST L. SHADLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF SCH. CO.; SCH. CO. COMMISSIONER, JEROM P. KNOWLES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CONTROLER OF COMMISSIONERS OFFICE; SCH. CO. COMMISSIONER, STANLEY H. TOBASH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AND COMMISSIOR OF SCH. CO.; SCH. CO. PRISON, INDIVIDUALLY AND IN ITS OFFICIAL CAPACITY AS DIRECTOR OF SCHUYLKILL CO. PRISON; GERALD BRITTON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS WARDEN OF SCH. CO. PRISON; GENE BERDINER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY WARDEN OF SCH. CO. PRISON; DAVID WARPINSKY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CAPTAIN OF SCH. CO. PRISON; MICHEAL FLANNERY, TONY KANKOWSKI, LAMOR GHERES, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS LIEUTENANT(S) OF SCH. CO. PRISON; STEVE BLOSCHICHAK, PAUL TAYLOR, JOHN CARUSO, KEITH WITTING, JOE CONNOR, BILL KRUSS, TODD SETLOCK, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS CORRECTIONAL OFFICERS. MATT MORGAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS HEARING EXAMINER OF SCH. CO. PRISON; PATTY HOAKE, CATHY KARADO, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS REGISTERED NURSE(S) OF SCH. CO. PRISON; DR. HARCHARAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DOCTOR OF SCHUYLKILL COUNTY PRISON.

PART III DEFENDANT                    DATE: 5/8/2000

C.) DEFENDANT, FORREST L. SHADLE, IS EMPLOYED AS COMMISSIONER OF SCH. CO., AT COMMISSIONER OFFICE, 401 N. 2ND ST. POTTSVILLE, PA. 17901.

D.) DEFENDANT, JEROM P. KNOWLES, IS EMPLOYED AS COMMISSIONER OF SCH. CO., AT COMMISSIONER OFFICE, 401 N. 2ND ST. POTTSVILLE, PA. 17901.

E.) DEFENDANT, STANLEY H. TOBASH, IS EMPLOYED AS COMMISSIONER OF SCH. CO. AT COMMISSIONER OFFICE, 401 N. 2ND ST. POTTSVILLE, PA. 17901.

F.) DEFENDANT, SCH. CO. PRISON, IS EMPLOYED AS DIRECTOR OF SCH. CO. PRISON AT SCH. CO. PRISON, 230 SANDERSON ST., POTTSVILLE, PA. 17901.

G.) DEFENDANT, GERALD BRITTON, IS EMPLOYED AS WARDEN OF SCH. CO. PRISON AT SCH. CO. PRISON, 230 SANDERSON ST., POTTSVILLE, PA. 17901.

H.) DEFENDANT, GENE BERDINER, IS EMPLOYED AS DEPUTY WARDEN OF SCH. CO. PRISON AT SCHULYKILL CO. PRISON, 230 SANDERSON ST., POTTSVILLE, PA. 17901.

I.) DEFENDANT, DAVID WARPINSKY, IS EMPLOYED AS CAPTAIN OF SCH. CO. PRISON AT SCH. CO. PRISON, 230 SANDERSON ST., POTTSVILLE PA. 17901.

J.) DEFENDANTS MICHEAL FLANNERY, LAMOR GHERES, AND ANTONY KANKOWSKI, ARE ALL EMPLOYED AS LIEUTENANTS OF SCH. CO. PRISON AT SCH. CO. PRISON, 230 SANDERS ST. POTTSVILLE, PA. 17901.

K.) DEFENDANTS, STEVE BLOSCH, CHAK, PAUL TAYLOR, JOHN CARUSO, KEITH WITTING, JOE CONNORS, BILL KRUSS, AND TODD SETLOCK, ARE ALL EMPLOYED AS CORRECTIONAL OFFICERS AT SCH. CO. PRISON, 230 SANDERSON ST., POTTSVILLE, PA. 17901.

L.) DEFENDANT, MATT MORGAN, IS EMPLOYED AS HEARING EXAMINER OF SCH. CO. PRISON AT SCH. CO. PRISON, 230 SANDERSON ST. POTTSVILLE, PA. 17901.

N.) DEFENDANTS, PATTY HOAKE, CATHY KARADO IS ~~EMPLOYED~~ EMPLOYED AS REGISTERD NURSE(S) AT SCH. CO. PRISON POTTSVILLE PA. 17901.

W) DEFENDANT, DR. HARCHARAN NARANG, IS EMPLOYED AS DOCTOR OF SCH. CO. PRISON AT SCH. CO. PRISON, 230 SANDERSON ST.,

PART. III CONTINUE DEFENDANT   DATE: 5/8/2000

0.) EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS AND/
OR HER OFFICIAL CAPACITY. AT ALL TIMES MENTIONED
IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER
THE COLOR OF PENNSYLVANIA LAW.

PLAINTIFF DECLARE UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT TO
THE BEST OF MY KNOWLEDG AND/OR INFORMATION
AND BELIEF.

DATE: 5/8/2000

*Samuel E. Pullins*

SAMUEL E. PULLINS

PART. III CONTINUE      DATE: 5/8/2000

#010381
SAMUEL E. PULLINS
230 SANDERSON STREET
POTTSVILLE, PA. 17901

4.) UNDER THE 801 RULES OF COUNTY PRISON PROCEDURES
THE DEFENDANT, WARDEN BRITTON NEVER RESPONDED
TO MY APPEAL OF GRIEVANCE AN 11-15-99 AND 12-14-99
WITHIN 30 DAYS, WHEREAS THESE OFFICERS LIED AND
FALSIFIED DOCUMENTS FICTITIOUSLY DIVESTING THE
AUTHORITY OF THE COUNTY PROCEDURES IN THIS WRITE-
UP ON 10-26-99. THEREFORE PLAINTIFF TRIED TO UNDI-
CATE THE NATURE OF THE FACTS THROUGH GRIEVANCES,

5.) BUT UNFORTUNATELY THE DEFENDANT, WARDEN GERALD
BRITTON REFUSE TO ACKNOWLEDGE THE MANNER OF
PLAINTIFF REQUEST AND/OR GRIEVANCES TO SEEK RELIEF
AND SURELY PLAINTIFF REMONSTRATE THAT THE COM-
PLAINT HAVE MERIT TOWARDS THERE REMISS NEGLIGENCE
OF THE INCIDENT FOR ALLOWING PLAINTIFF TO BE ASSAULTED
BRUTALLY BY THESE INMATES WHILE CORRECTIONAL OFFICERS

6.) WAS PRESENT, THEREFORE AFTER PLAINTIFF WAS SUBDUED
DEFENDANTS LET INMATES GOMEZ, R. GO TO PROCEED
IN HIS ATTACK AGAINST PLAINTIFF, WHICH CAUSED SERI-
OUS BODILY INJURY TO PLAINTIFF, WHEREAS PLAINTIFF
HAD TO RECIEVE TREATMENT AT POTTSVILLE HOSPITAL BY
HAVING FOREIGN BODY PUT IN HIS RIGHT LEG THEN DE-
FENDANTS DENIED PLAINTIFF PROPER TREATMENT.

7.) WHEREAS DOCTOR SAID TO CORRECTIONAL OFFICERS KEITH
WITTING AND JOHN CARUSO BRING PLAINTIFF BACK IN 10 TO
14 DAYS TO SEE IF FOREIGN BODY NEEDS TO BE TAKEN
OUT, BECAUSE ITS SO CLOSE TO BONE WHEREAS BONE WAS
CHIPED OFF AND SKIN MISSING. DOCTOR NEEDED TO LOOK
AT THIS INJURY BEFORE REMOVING FOREIGN BODY

8.) ON -11-12-99, SCH. CO. NURSE, PATTY HOAKE TOOK FOREIGN
BODY OUT PLAINTIFF LEG WITHOUT TALKING TO DOCTOR AND/
OR DOCTOR PREMITION LEAVEN THE SECOND FOREIGN BODY
FROM TOP IN PLAINTIFF LEG, SAYING IT WOULD BE ALRIGHT
PLAINTIFF ASKED NURSE PATTY HOAKE NOT TO TAKE FOREIGN
BODY OUT BECAUSE DOCTOR AT HOSPITAL SAID COME TO

PART II STATEMENT of CLAIM    DATE: 5/8/200

9.) PLAINTIFF ALSO TOLD DEFENDANT, PATTY HOAKE HE WAS HAVING BACK AND LEG PAIN FROM INJURIES OF THIS IN-CIDENT DEFENDANT, PATTY HOAKE SAID IT WOULD GO AWAY ITS FROM BEING IN (HOLE) SOLITARY CONFINEMENT DOING NOTHING ON THE LEG. POTTSVILLE HOSPITAL IS SEND-ING PLAINTIFF BILLS FROM THESE INJURIES 12-13-99,

10.) FROM THIS INCIDENT THAT HAPPENED UNDER SCH. CO. PRI-SON CARE AND/OR INVOLVEMENT OF THESE INJUSTICE THAT HAS BEEN DONE AGAINST PLAINTIFF. ALSO IN PLAIN-TIFF SECOND APPEAL IN FORM OF GRIEVANCE OF THIS WRITE-UP TO DEFENDANT, WARDEN BRITTON STATING PLAINTIFF DID NO WRONG AND ASKED THAT SOME-THING BE DONE ABOUT THIS 100 DAY IN SOLITARY CON-FINEMENT, HOLE TIME.

11.) PLAINTIFF WAS THE ONLY INMATE GIVEN HOLE TIME, IN-MATES CHARLIE BROWN AND JIMMY CULBERT WASN'T WRITTEN-UP AND/OR GIVEN, HOLE TIME, INMATE GOMEZ, R. AKA FILA WAS TAKEN TO A STATE PRISON AFTER IN-CIDENT PLAINTIFF (PULLINS) RECIEVED 100 DAYS IN THE (HOLE), SOLITARY CONFINEMENT.

12.) PLAINTIFF GAVE LIEUTENANT FLANNERY THE DOCTOR BILL AND PLAINTIFF SECOND GRIEVANCES, NO RESPOND-ES AND/OR RELIEF IN ANY MANNER AND/OR REQUEST OR GRIEVANCE. PLAINTIFF WAS TOLD IN THE HOLE AFTER ABOUT 55 DAYS COMPLETIED, HEARING EXAMINER TOLD PLAINTIFF IN THE HOLE, SOLITARY CONFINEMENT, DEFEND-ANT MATT MORGAN TOLD OTHER OFFICIALS TO LET PLAIN-TIFF OUT SOLITARY CONFINEMENT.

13.) AFTER A FEW DAYS OF COOLING DOWN, BECAUSE I TOLD EVERYONE FROM THE START OF THIS DEFENDANT STEVE BLOSCHICHAK PAID THESE INMATES IN SOMEWAY TO BEAT PLAINTIFF UP AND/OR HURT, INJURE IN SOME WAY. ON 2/4/2000 PLAINTIFF WAS PUT ON THE SAME BLOCK (F) AS INMATES C. BROWN AND J. CULBERT.

14.) WHEREAS HIS LIFE WAS AT STAKE AND IN SERIOUS JEO-PADY. THESE TWO (2) INMATES WAS PAID BY ANOTHER CORRECTIONAL OFFICER MICHEAL FORD TO BEAT UP A-NOTHER INMATE DENNIS BRANNAN PUTTING HIM IN SERIOUS INJURE AFTER THIS INCIDENT WITH PLAINTIFF AND NOTHING HAPPENED TO THESE INMATES AGAIN

PART. III CONTINUE STATEMENT OF CLAIM   DATE: 5/8/2000

15.) PLAINTIFF WAS TOLD IN THE HOLE BY DEFENDANT TONY KANKOWSKI AND DEFENDANT STEVE BLOSCHICHAK IF PLAINTIFF OPEN HIS MOUTH ABOUT WHAT HAPPENED TO HIM, PLAINTIFF WANT LIVE TO SEE THE OUT COME.

16.) AFTER COMING OUT OF SOLATARY CONFINEMEN INMATES CHARLIE BROWN AND JIMMY CULBERT TOLD PLAINTIFF THAT DEFENDANT, STEVE BLOSCHICHAK PAID THEM TO BEAT PLAINTIFF UP, WHEREAS THESE SAME INMATES WHERE CALLIED OUT BY DEFENDANTS, WARDEN GERALD BRITTON AND DEPUTY WARDEN GENE BERDINER AND

17.) ASKED QUESTIONS BECAUSE OTHER DEFANDANTS KEITH WITTING, JOHN CARUSO SAID THEY SHOULD HAVE BEEN THE ONE(S) PUT IN THE HOLE, AND PLAINTIFF COULD HAVE A FEW MORE INMATES TO TESTIFY AS WITNESSES.

18.) ON 2/9/2000, F-BLOCK REFUSED TO LOCK UP BECAUSE OF PRISON CONDITIONS: NO COMMASSARY FOR WEEKS AT A TIME; WATER BUGS ALL OVER F-BLOCK FLOOR; VENTILATION DON'T WORK WHEREAS F-BLOCK SMELLS LIKE DEAD FISH AND/OR A FECES, HUMAN WASTE; NO CLEANING FLIUDS TO KILL BACTERIA, BUTTER AND/OR OTHER FOODS ON CIELING(S) FOR YEARS, MAYBE EVEN HUMAN BODY WASTE ON CIELING(S), PAINT FALLEN OFF THE WALLS;

19.) PEOPLE BEING DENIED DENTAL AND MEDICAL TREATMENT ON 2/10/2000 PLAINTIFF ASKED DEFENDANT, GERALD BRITTON FOR COPIES OF HIS GRIEVANCES AND/OR APPEALS PLAINTIFF SENT TO HIS PERSON ON DIFFERENT OCCASSIONS BY DEFENDANT LIEUTENANT, FLANNERY.

20.) DEFENDANT, GERALD BRITTON HAD NO ANSWER, BUT TO SAY LIEUTENANT FLANNERY BROUGHT THEM TO HIM, BUT HE DIDN'T SEE THEM! PLAINTIFF TOLD WARDEN ABOUT THE ABOVE MATTERS, ALSO TELLING DEFENDANT WARDEN GERALD BRITTON ABOUT PAIN IN PLAINTIFF RIGHT LEG AND BACK FROM THIS INCIDENT, WHEREAS DEFENDANT NURSE PATTY HOAKE HAS BEEN GIVEN PLAIN-MOLTRON FROM THE BEGINNING, ON 10/27/99.

21.) AND PLAINTIFF IS IN CONTINUES PAIN 24 HRS, A DAY. TALK TO DEFENDANT, WARDEN GERALD BRITTON DIDN'T RE-SOLVE ANY REMEDIES AND/OR RELIEF.

PART III STATEMENT OF CLAIM   DATE: 5/8/2000

22.) ON 2/11/2000, PLAINTIFF ASKED NEW NURSE DEFENDANT, CATHY KARADO TO LOOK AT HIS RIGHT LEG AND BACK, BECAUSE PAIN IS GETTING WORSE. EXPLAINING THE ABOVE MATTERS. PLAINTIFF THEN TOLD NURSE, HOW HE TRIED TO RUN BASKETBALL, WHEREAS AFTER A FEW MINUTES INTO THE GAME.

23.) PLAINTIFF HAD TO STOP, BECAUSE OF BACK AND LEG PAIN. PLAINTIFF KNEE, ANKLE IS SWOLLEN, HIP JOINT FELLS NUMB AND WEAK WITH A SHOTING PAIN GOING UP THE BACK OF MY RIGHT LEG TO THE LOWER PART OF MY BACK, WHERE AS MY LEG HAS STARTED SWOLLEN.

24.) PLAINTIFF TRY GET UP AND DOWN THE TOP BUNK BED, WHEREAS THERES NO CORRECT WAY TO GET UP AN DOWN FROM THE TOP BUNK BED, BECAUSE THERES NO LATTER. PLAINTIFF RIGHT LEG GIVES OUT WITH A SHOTING PAIN FROM THE INJURED PART OF PLAINTIFF RIGHT LEG AND BEING LOCKED UP 24 HRS, A DAY FOR 100 DAYS HAS PLAYED A PART OF MAKING INJURY WORSE.

25.) DEFENDANT, NURSE CATHY KARADO SAID SHE WOULD LOOK AT IT AND PUT PLAINTIFF ON THE DOCTOR LIST. ON 2-16-2000, PLAINTIFF WAS CALLED UP TO SEE DOCTOR NARANG ABOUT 1:30 PM. AND TOLD HIM WHAT HAPPEN TO ME FROM THE INJURY OF BEING HIT WITH A MOP RANGER ON F-BLOCK, BY ANOTHER INMATE.

26.) PLAINTIFF NEVER HAD THIS FEELING IN MY LEG AND/OR BACK BEFORE THIS INCIDENT, MY KNEE (CAP), ANKLE IS SWOLLEN, HIP JOINT FELLS NUMB AND WEAK WITH A SHOTING PAIN GOING UP THE BACK OF MY RIGHT LEG TO THE LOWER PART OF MY BACK ALL ON THE RIGHT SIDE.

27.) DEFENDANT, DOCTOR NARANG LAYED ME DOWN ON A BED IN THE MEDICAL (ROOM), AND MOVED MY LEG AT DIFFERENT ANGLES, PLAINTIFF BEING IN PAIN AT ALL ANGLES. PLAINTIFF TOLD DOCTOR NARANG HE TRIED TO PLAY BASKETBALL, BUT MY LEG AND BACK WAS IN WORSE PAIN WITHIN MINUTES, PLAINTIFF ALSO TOLD DEFENDANT, DR. NARANG WHAT DEFENDANT, PATTY HOAKE DADE DID.

28.) DEFENDANT, DR. NARANG PRESCRIBED PLAINTIFF MEDICATIONS RELAFEN 500 AND WATSON 418 TWICE A DAY ON 2-17-2000, PLAINTIFF ASKED DEFENDANT, NURSE CATHY KARADO FOR MEDICATION DEFENDANT, NURSE CATHY KARADO SAID IT WASN'T IN YET, BUT IT WOULD BE HERE TOMORROW.

PART. II STATEMENT of CLAIM          DATE: 5/8/2000

29.) ON 2-18-2000, PLAINTIFF ASKED LIEUTENANT FLANNERY FOR MEDICATION THE DR. NARANG PRESCRIBED FOR HIS BACK AND LEG. DEFENDANT, FLANNERY SAID IT DIDN'T COME IN, YET, AND DEFENDANT CATHY KARADO WASN'T COME IN TODAY BECAUSE OF WHEATER.

30.) PLAINTIFF ASKED 2ND SHIFT, LIEUTENANT LAMOR GHERES FOR PRESCRIBED MEDICATION, HE SIDE THERES NOTHING IN THE BOOK AND/OR PACKED FOR PLAINTIFF. ON 2-19, AND 2/20/ 2000 BOTH DEFENDANTS, LIEUTENANTS FLANNERY AND GHERES TOLD PLAINTIFF SAME THING MEDICATIONS NOT HERE YET, AND THERES NOTHING IN THE BOOK FOR PLAINTIFF.

31.) ON 2-21-2000, PLAINTIFF ASKED THE DEFENDANT, CATHY KARADO WHY PLAINTIFF DIDN'T GET ANY MEDICATION FOR THE LAST 4 DAYS FOR PAIN AND SWOLLEN LEG. DR. NARANG PRESCRIBED TO PLAINTIFF FOR BACK AND LEG.

32.) PLAINTIFF, TOLD DEFENDANT CATHY KARADO WHAT DE-FENDANTS LT. FLANNERY AND LT. GHERES TOLD PLAINTIFF THE PAST FOUR DAYS AND ASKED WHY PLAIN-TIFF HAVEN'T BEEN GETTING MEDICATION FOR PAIN AND SWOLLEN.

33.) PLAINTIFF WAS TAKEN TYLENOL AND MOLTRON UP TO THIS POINT. DEFENDANT CATHY KARADO SAID ITS HERE THEN GAVE PLAINTIFF A PILL WITH 451 INGRAVED ON IT. PLAIN-TIFF HAS TAKEN THIS PILL IN THE PAST MONTHS IN THE HOLE FROM DEFENDANT PATTY HOAKE, ITS A STRONGER MOLTRON.

34.) PLAINTIFF SAID THIS ISN'T WHAT DR. NARANG PRESCRIBED FOR HIM, BECAUSE I WAS TO GET TWO DIFFERENT PILLS RELAFEN 500 AND WATSON 418 TWICE A DAY. DEFENDANT CATHY KARADO INSIST DR. NARANG PRESCRIBED IT. PLAIN-TIFF HE WANTS TO SEE DR. NARANG AGAIN, BECAUSE HE FOR A FACT THIS ISN'T WHAT DR. NARANG ORDERED FOR PLAINTIFF.

35.) PLAINTIFF, ALSO SAID THIS PILL 451 MOLTRON WAS ON THE MEDICATION CART ALL THE TIME. PLAINTIFF SEEN LT. FLANNERY AND LT. GHERES GIVEN THIS PILL 451 MOLTRON TO INMATE GARY MILLER FROM 2-17 TO 2/20/2000 FOR A A BUMP THE SIDES OF A TENNIS BALL IN HIS RECKTOM. PLAINTIFF, EVEN TOOK THIS PILL 451 MOLTRON A FEW TIMES THE PAST FEW DAYS.

PART. IV STATEMENT OF CLAIM    DATE: 5/8/2000

36.) DR. NARANG SAID STOP GIVEN PLAINTIFF MOLTRON BE-
CAUSE IT WASN'T DOING ANYTHING FOR HIM. PLAINTIFF
ASKED DEFENDANTS CATHY KARADO, LT. FLANNERY, AND
LT. GHERES NUMBERIOUS TIMES TO MOVE HIM OFF THE
TOP TEIR AND OFF TOP BUNK BED, BECAUSE THEY DON'T
HAVE LATTERS, IT HURT TRYIN TO GET UP IN BED AND
GOING UP AND DOWN STAIRS.

37.) ON 2/21/2000, PLAINTIFF SIGNED DOCTOR LIST BECAUSE
PLAINTIFF IS BEING DENIED AND REFUSED MEDICATION
PRESCRIBED BY DEFENDANT, DR. NARANG. PLAINTIFF SAID
HE'S BEING CHARGED $5.00 TO SEE DEFENDANT, DR. NA-
RANG FROM A INJURY THAT HAPPEND IN, SCH. CO. PRISON.

38.) ON 2-21-2000 PLAINTIFF WROTE A REQUEST AND/OR GRIE-
VANCE FORM OUT TO WARDEN GERALD BRITTON, WHEREAS HE
TOLD PLAINTIFF ON 2-10-2000 TO GIVE HIS REQUEST AND/OR
GRIEVANCE TO LT. FLANNERY, PLAINTIFF GAVE LT. FLANNERY
HIS REQUEST SLIP AT 1:12 P.M AFTER EXPLAINING THE
ABOVE MATTERS.

39.) DEFENDANT FLANNERY TOLD PLAINTIFF THE DOCTOR WAS
COMING TODAY AND PLAINTIFF WOULD BE MOVED, OF THE
TOP TIER AND ON A BOTTOM BED. PLAINTIFF DIDN'T SEE THE
DOCTOR AND PLAINTIFF WASN'T MOVED DOWNSTAIRS, AT
8:30 THAT NIGHT MEDICATION CART 2ND SHIFT LT. LA-
MOR GHERES CAME ON THE BLOCK.

40.) PLAINTIFF ASKED HIM WHEN HE'S TO MOVE TO THE BOT-
TOM TEIR AND BOTTOM BUNK BED. DEFENDANT, LT. GHERES
SAID I'M NOT MOVING YOU ANYWHERE, THEN TRIED TO
GIVE PLAINTIFF A MOLTRON ALL WHITE PILL, WHEREAS
DEFENDANT, CATHY KARADO GAVE PLAINTIFF A 451 RED MOL-
TRON.

41.) PLAINTIFF SAID THE DOCTOR DIDN'T ~~PRESSURE~~ PRESCRIBE THAT TO
HIM. PLAINTIFF REFUSE TO TAKE IT, SO DEFENDANT, LT.
GHERES TRIED PREVOCING PLAINTIFF CALLING PLAINTIFF
OUT HIS NAME, POINTING AT PLAINTIFF CELL ON THE TOP
TIER SAYING GO LOCK UP PAL.

42.) PLAINTIFF SAID I'M GOING, AS HE BEGAN TELLING HIM
I'M BEING DENIED MEDICATION THAT THE DOCTOR PRE-
SCRIBED TO HIM AND I'M IN PAIN 24 HOURS A DAY
WHEREAS THE DOCTOR SAID I'M TO GET THIS MEDICATION

PART II STATEMENT of CLAIM     DATE: 5/8/2000

43) PLAINTIFF WAS MOVED TO THE HOLE AND WROTE-UP. 2-22-2000, PLAINT ASKED TO SEE LT. FLANNERY AT ABOUT, 9:00 AM. PLAINTIFF GAVE LT. FLANNERY ANOTHER REQUEST AND/OR GRIEVANCE TO GIVE THE DEFENDANT, WARDEN, GERALD BRITTON ABOUT THE ABOVE MATTER.

44.) DEFENDANT, CAPTAIN DAVID WARPINSKY BROUGHT THIS ONE BACK TO ME. DEFENDANT, CAPTIAN WARPINSKY WROTE ON THESE REQUEST AND/OR GRIEVANCE AND CAME BACK WITH A NOTE TALKING ABOUT HE CALLED DR. NARANG WHICH IS NOT TRUE.

45.) PLAINTIFF TOLD CAPTAIN WARPINSKY WHAT HAPPENED THE NIGHT BEFORE HE SAID HE'LL LOOK INTO IT, AT ABOUT 10:30 THAT, SAME MORNING, PLAINTIFF ASKED CORRECTIONAL OFFICER CAROL WORKING THE BLOCK TO PLEASE GET PLAINTIFF SOMETHING FOR PAIN HIS BACK AND LEG IS HURTTING.

46.) CORRECTION OFFICER, CAROL CAME BACK WITH DEFEND-ANT CATHY KARADO WHO GAVE ME A MOLTRON. PLAINTIFF SAID TO CATHY KARADO IF DR. NARANG PRESCRIBED MOLTRON WHY DIDNT I GET THIS MEDS FROM 16th THRU 20th of FEB., 2000 AND L.T FLANNERY SAID MY MEDICATION WASN'T BACK, YET.

47.) PLAINTIFF SEEN BOTH LT. FLANNERY AND LT. GHERES GIVING WHITE MOLTRON AND THIS 451 MOLTRON, NOW PLAINTIFF WAS WROTE-UP ON ANOTHER MISCONDUCT FOR BEING IN PAIN AND BEING DENIED MEDICAL TREATMENT AS WELL AS PRESCRIBED MEDICATION, ALSO PUT IN THE HOLE, SOLITARY CONFINEMENT FOR THESE REASONS.

48.) ON 2-22-2000, 9:00 PM. MEDICATION, DEFENDANT LT. LAMOR GHERES COMES TO MY CELL #7-E BLOCK, SOLITARY CONFINE-MENT AND SAID ARE YOU GOING TO REFUSE THIS MEDI-CATION TONIGHT. PLAINTIFF SAID HE DON'T HAVE ANY-THING TO SAY, BECAUSE DEFENDANT, LT. GHERES YOU'RE TRYING TO HARASS PLAINTIFF AGAIN. PLAINTIFF SAID JUST GIVE HIM HIS MEDICATION.

PART. II STATEMENT OF CLAIM    DATE: 5/8/2000

49.) PLAINTIFF PUT HIS HAND UNDER THE DOOR, DEFENDANT LT. GHERES THROW THE PILL WHITE MOLTRON ON THE FLOOR AND WALKED OFF WITH CORRECTIONAL OFFICER JOE CONNORS PRESENT OF COURSE, PLAINTIFF ASKED FOR ANOTHER PILL, DEFENDANT, LT. GHERES REFUSED.

50.) PLAINTIFF SAID TO CORRECTION OFFICER (DEFENDANT), YOU'RE NOT GOING TO WRITE THAT UP AREYOU, I'M IN PAIN AND THIS IS A GAME TO YOU'S PEOPLE.

51.) ON 2-23-2000, PLAINTIFF SEEN DEFENDANT, CATHY KARADO 9:00 AM. MEDICATION ASKED FOR PAIN MEDICATION FOR MY BACK AND LEG DEFENDANT GAVE PLAINTIFF A MOLTRON WHITE PILL. PLAINTIFF TOLD HER DEFENDANT LT. LAMOR GHERES CAME TO PLAINTIFF CELL #7-E-BLOCK LAST NIGHT WITH A MOLTRON.

52.) PLAINTIFF PUT HIS HAND UNDER THE DOOR HE THROW IT ON THE FLOOR AND WALKED OFF WITH THE DEFENDANT, CORRECTION OFFICER JOE CONNORS, WHO WROTE PLAINTIFF UP THE NIGHT BEFORE, THIS IS HARASSMENT AND DEFENDANT, CATHY KARADO TOOK THE MOLTRON, GAVE PLAINTIFF A MOLTRON AND LEFT THE BLOCK.

53.) PLAINTIFF THEN SEEN CAPTAIN DAVID WARPINSKY AFTER WRITTING OUT A GRIEVANCE AND/OR REQUEST FORM ABOUT THE INCIDENT WITH DEFENDANTS, LT. GHERES AND C/O CONNORS. DEFENDANT, CAPTAIN WARPINSKY SAID HE DIDN'T READ THE REQUEST, YET.

54.) WHEREAS PLAINTIFF WROTE OUT THIS REQUEST AND/OR GRIEVANCE TO DEFENDANT WARDE GERALD BRITTON ON 2-23-2000, PLAINTIFF SEEN DEFENDANT, CATHY KARADO ABOUT 4:12 PM. AN ASKED FOR PAIN MEDICATION DEFENDANT DR. NARANG ORDER/PRESCRIBED FOR ~~BACK~~ BACK AND LEG.

55.) PLAINTIFF ASKED DEFENDANT, CATHY KARADO WHERE AS PLAINTIFF SIGNED TO SEE DR. NARANG 2/21/2000, BECAUSE MOLTRON ISN'T DOING ANYTHING FOR THE PAIN, SHE SAID ITS SCH. CO. PRISON POLICY NOT TO GIVE ANYTHING STRONGER THEN MOLTRON.

PART. III STATEMENT OF CLAIM   DATE: 5/8/2000

56.) ON 2/25/2000, PLAINTIFF WAS GOING TO SEE THE COUNSELOR JOE KORDINSKY TO CALL HE FAMILY GINA ANDREWS TO TELL HE WHATS BEING DONE TO PLAIN-TIFF, AFTER THIS PHONE CALL PLAINTIFF STARTED GOING BACK TO THE BLOCK, THE HOLE.

57.) DEFENDANT, CATHY KARADO CALLED PLAINTIFF TO MEDICAL DEPT. AND SAID SHE WAS TALKING TO DR. NARANG AND HE PRESRIBED PLAINTIFF A RED PILL WITH LOWDINE 400 ON IT.

58.) PLAINTIFF TOLD DEFENDANT CATHY KARADO, HE SIGNED UP TO SEE DR. NARANG THIS WEEK ABOUT MEDECATION, BECAUSE PLAINTIFF IS BEING GIVEN MEDS THAT WAS NOT PRESCRIBED TO HIM AND BEING DENIED TO SEE DR. NARANG. ON 2-16-2000, PLAINTIFF WAS TO GET RELAFEN 500 1½ TABLETS AND WATSON 418 1 TABLET FOR SWOLLEN AND TO RELAX MUSCLE.

59.) ON 2/26/2000 PLAINTIFF WAS GIVEN (1)ONE RED PILL WITH THE INGRAVING LOWDINE 400 ON IT A DAY. PLAINTIFF SIGNED-UP TO SEE DR. NARANG. ON 3/1/2000 PLAINTIFF APPEALED WRITE-UPS 2035 AND 4047 AND GAVE THIS REQUEST AND/OR GRIEVANCE TO LT. FLANNERY.

60.) ON 3/3/2000, PLAINTIFF DOOR OPEN, CELL E-BLOCK #12 SOLITARY CONFINEMENT DOING HOLE TIME (30 DAYS) PLAINTIFF CELL E-BLOCK HAS ONLY ONE BED IN IT. CORRECTIONAL OFFICER, PAUL TAYLOR TRIED TO BRING A INMATE OFF THE STREET AND PUT HIM IN CELL WITH PLAINTIFF WITHOUT BEING DELOUSED AND/OR SHO SHOWER.

61.) PLAINTIFF TOLD DEFENDANT, PAUL TAYLOR HOW IS HE TO GET AROUND THIS SMALL CELL #12, E-BLOCK WITH SOME ONE LAYING ON THE FLOOR, WHEREAS THESE CELLS DON'T HAVE NIGHT LIGHTS, NO VENTILATION ON THE BLOCK-E AND/OR ANY BLOCKS WHEREAS ITS HARD FOR PLAINTIFF TO GET AROUND WITH HIS BACK AND LEG IN CONTINUES PAIN.

62.) PLAINTIFF REFUSED TO LET ANYONE MOVE IN, WHEREAS DEFENDANT PAUL TAYLOR THREATIN TO WRITE-UP PLAINTIFF. PLAINTIFF, TOLD DEFENDANT PAUL TAYLOR TO GO AHEAD ON 3/8/2000, PLAINTIFF FINALLY SEEN DR. NARANG THIS AFTERNOON AND TOLD HIM ABOUT THE ABOVE MATTERS.

PART. II STATEMENT OF CLAIM   DATE: 5/8/2000

63.) DEFENDANT DR. NARANG PRESCRIBED PLAINTIFF TO MEDICATION THAT PLAINTIFF WAS TO GET ON 2/16/2000 RELAFEN 500(½) TABLETS, AND WATSON 418 (1) TABLET. IT TOOK THREE (3) DAYS TO GET THESE MEDICATIONS. PLAINTIFF SIGNED UP TO SEE DEFENDANT DR. NARANG AT 9:00 AM, 3-21-2000, BECAUSE 10 DAYS OF TAKEN RELAFEN 500 1½ TABLETS, AND WATSON 418(1) WAS TO A CLOSE.

64.) DEFENDANT, CATHY KARADO CAME ON E-BLOCK ABOUT 4:00 PM. TELLING PLAINTIFF AND OTHER INMATES THERE WAS NO DOCTOR TODAY AND DR. NARANG, SAID PUT PLAINTIFF ON SAME MEDICATION FOR SEVEN MORE DAYS, AFTER THAT PLAINTIFF CAN'T HAVE WATSON 418 ANY MORE. BUT PLAINTIFF CAN HAVE RELAFEN 500 ANY TIME HE WANTS IT.

65.) PLAINTIFF TOLD DEFENDANT CATHY KARADO, WHAT AM I TO DO FOR PAIN, WHEREAS RELEFEN 500, IS ANTI INFLAMATORY - REDUCES INFLAMATION AND/OR SWOLLEN. WATSON 418, IS MUSCLE RELAXER - RELAXES SMOOTH MUSCLE, IS WHAT TAKES THE PAIN AWAY TO A POINT, WHEREAS PAIN IS REDUCED.

66.) THE SWOLLEN IS GONE, SO THE WRONG MEDICATION IS BEING TAKEN. ON 3-22-2000 PLAINTIFF SEEN INDUAL FROM OFFICE OF ATTORNEY GENERAL, FROM MIKE FISHER OFFICE. HE AND PLAINTIFF TALKED ABOUT THE ABOVE MATTERS AFTER OUR MEETING, HE WENT AND PULLED PLAINTIFF MEDICAL RECORDS AS WELL AS (3) THREE WRITE-UPS AND SAID HE'LL GET BACK TO PLAINTIFF.

67.) ON 3-30-2000, PLAINTIFF SIGNED DR. NARANG LIST AT A-BOUT 11:45 AM, WHEREAS I'VE BEEN ASKING TO SEE DR. NARAG ABOUT (2) TWO WEEKS NOW, TO THIS POINT ITS REALLY HARD TO DEAL WITH THE PAIN FROM LEG AND BACK INJURE.

68.) ON 4/3/2000 PLAINTIFF SIGNED UP TO SEE DEFENDANT DR. NARANG, PLAINTIFF WAS PUT BACK ON MEDICATION 418 WATSON (1) TABLET A DAY WITHOUT SEEING DR. NARG.

PART. IV STATEMENT of CLAIM    DATE: 5/8/2000

69.) ON 4/6/2000 PLAINTIFF ASKED DEFENDANT, CATHY KARADO
TO SEE DR. NARANG AGAIN, BECAUSE PLAINTIFF HAVEN'T
SEEN HIM IN ABOUT (3) THREE WEEKS. WHERE AS DE-
FENDANT, CATHY TOOK PLAINTIFF OFF THIS MEDICATION
WATSON 418 AND PUT PLAINTIFF BACK ON IT WITHOUT
SEEING AND/OR EXPLAINING ANY SYPATOMS TO DOCTOR.

70.) ON 4-7-2000, PLAINTIFF WAS GIVEN NO MEDICATION
THAT MORNING AND RELAFEN 500 (1) TABLET THAT NIGHT
WHEREAS PLAINTIFF IS TO GET WATSON 418 AND RELA-
FEN 500 (1½) TABLETS TWICE A DAY. ON 4-8-2000, PLAIN-
TIFF DIDN'T GET ANY MEDICATION THAT MORNING AND
A MOLTRON SATURDAY NIGHT.

71.) ON 4/9/2000, PLAINTIFF DIDN'T GET ANY MEDICATION. ON
4/10/2000, PLAINTIFF WENT TO GET MEDICATION THAT
MORNING PLAINTIFF CAME TO MEDICATION CART DE-
FENDANT, CATHY KARADO TOLD PLAINTIFF "YOU CAN GET
TYLENOL OR NOTHING AT ALL." PLAINTIFF TOOK NOTHING
SAYING HE WOULD LIKE TO SEE THE DOCTOR BECAUSE
I'M IN CONTINUES PAIN 24 HOURS A DAY.

72.) ON 4/10/2000 PLAINTIFF WROTE OUT A GRIEVANCE AND/OR
REQUEST TO DEFENDANT WARDEN, GERALD BRITTON
ABOUT THE ABOVE MATTERS AND GAVE THE GRIEVANCE
TO LT. FLANNERY. ON 4/10/2000, PLAINTIFF WAS CALLED
OUT TO SEE DR. NARANG THAT AFTERNOON. DEFENDANT,
DR. NARANG PRESCRIBED A STRONGER FORM OF WATSON
25(S) 2½ TABLETS TWICE A DAY FOR 2 WEEKS.

73.) ON 4/10/2000 PLAINTIFF WROTE U.S. DEPT. OF EDUCATION,
THE WANAMAKER BUILDING, SUITE 515, 100 PENN. SQUARE
EAST PHILADELPHIA, PA. 19107 CASE # 03004020. ON
4/21/2000, PLAINTIFF RECIEVED A LETTER FROM ATTOR-
NEY GENERAL OFFICE MIKE FISHER HAS REFERRED CASE
TO CRIMINAL LAW DIVISION AND RECOMMEND THAT
PLAINTIFF CONSULT A LAWYER.

74.) ON 4/22/2000, U.S. DEPARTMENT OF EDUCATION DIRECTIED
PLAINTIFF TO DEPARTMENT OF JUSTICE FOR THAT AGENCY
ASSISTANCE.

PART. IV STATEMENT of CLAIM        DATE: 5/8/2000

75.) ON 4-23-2000 AT 10:00 PM. LOCK-UP, F-BLOCK RESIDENTS REFUSED TO LOCK-UP, BECAUSE THEIR WAS NO CHANGES IN ANY CONDITIONS. COMMISSARY (3) DAYS LATE WHEREAS RESIDENTS SHOULD HAVE GOTTEN IT ON 4-20-2000. COMMISSARY HAS BEEN COMING LATE AND/OR NOT AT ALL, SOMETIME GOING 2 OR 3 WEEKS AT A TIME FOR LAST 2½ MONTHS. OTHER CONDITIONS: WHEREAS WATER

76.) BUGS ARE ALL OVER F-BLOCK AND E-BLOCK (HOLE) FLOORS; CRACKS AND/OR GAPS IN CONCRETE IN FRONT OF CELLS: UNVENTILATED BLOCKS AND/OR VENTILATION DON'T WORK WHEREAS F-BLOCK, AND E-BLOCK SMELLS LIKE DEAD FISH AND/OR DEAD FECES NOTHING TO KILL BACTERIA, SINGLE ORGANISMS CAUSING DISEASE; BUTTER AND OTHER FOOD PARTICALS ON THE WALLS AND CIELING FOR YEARS

77.) PAINT FALLEN OFF THE WALLS IN CELLS AND ON THE BLOCKS; CELLS LECKING WATER; SHOWERS BROKE AND CONTINUES RUNNING WATER; CELLS SINK BROKEN CONTINUES RUNNING WATER, COLD AND/OR HOT WATER DON'T WORK; TABLES MISSING PEOPLE EATING ON THE FLOOR; TIOLETS BROKEN; VENTS SMELL LIKE DEAD FISH AND/OR DEAD FECES; NO LATTERS FOR BUNK BEDS; PEOPLE SLEEPING ON THE FLOOR;

78. REQUEST AND/OR GRIEVANCE FORMS NEVER GET ANSWERED BY OFFICIALS; WARDEN, GERALD BRITTON, DEFENDANT, DEPUTY WARDEN GENE BER DINER, CAPTIAN DAVID WARPINSKY AND/OR COUNSELORS JOE AND CRY JACK.

79.) PLAINTIFF AND OTHER RESIDENTS ARE BEING DENIED DENTAL CARE AND/OR MEDICAL TREATMENT CAUSING, NEGLIGENCE, MALPRACTICE, DELIBERATE INDIFFERENCES, SERIOUS MEDICAL NEEDS, DOCTOR ORDERS NOT CARRIED OUT, DELIBERATE INDIFFERENCE BY OFFICIALS, DENYING AND/OR DELAYING ACCESS TO MEDICAL CARE, OFFICIALS INTERFERING WITH PRESCRIBED TREATMENT.

80.) UNQUALIFIED MEDICAL STAFF, NOT ENOUGH STAFF AND/OR MEDICAL STAFF, INADEQUATUATE FACILITIES MAKE PROFESSIONAL CARE INADEQUATE WHEREAS SCH. CO. PRISON IS CONTINUOUSLY OVER OFFICIAL CAPACITY OF 140 INMATES.

PART. IV STATEMENT of CLAIM    DATE: 5/8/2000

81.) WHEREAS CONTINUES COUNT IS BETWEEN 210 TO 245 INMATES AT ALL TIMES. Sch. Co. PRISON, JUST SETTLED OUT OF COURT ON A CONDITION CASE IN UNITED STATS DISTRICT COURTS WITH A INMATE, MIKE SPENA.

82.) PLAINTIFF PUT IN THE HOLE, (SOLITARY CONFINEMENT E-BLOCK CELL #8 FROM 10/26/99 TO ABOUT 12/15/99, BECAUSE BEFORE Sch. Co. PRISON CLEANED E-BLOCK AND PAINTED IT, WHEREAS PLAINTIFF LIVED IN HUMAN WASTE AND/OR HUMAN FECES ON CELL CEILING AND WALLS AND ALL OVER THE E-BLOCK.

83.) ON 4/23/2000 F-BLOCK INMATES CALLIED NEWS STATIONS CHANNEL (16)(22) ALSO HAVING FAMILY MEMBERS CALLING Sch. Co. PRISON ABOUT THESE MATTERS ASKING TO TALK TO WARDEN, GERALD BRITTON; DEPUTY WARDEN, GENE BERDINER; CAPTAIN, DAVID WARPINSKY ABOUT MATTERS.

84.) 4/25/2000, PLAINTIFF MEDICATION WATSON 25(S) 2½ TABLETS TWICE A DAY 2 WEEKS IS UP, DEFENDANT CATHY KARADO DIDN'T GIVE PLAINTIFF ANY MEDICATION FOR PAIN PLAINTIFF ASKED FOR TYLENOL ALSO ASKING TO BE PUT ON DOCTOR LIST

85.) 4/26/2000, PLAINTIFF WENT UP TO MEDICATION CART AT 9:00 AM. MEDS, AND ASKED DEFENDANT CATHY KARADO FOR PAIN MEDICATION GIVING PLAINTIFF A MOLTRON. PLAINTIFF ASKED TO BE PUT ON DOCTOR LIST AGAIN. PLAINTIFF ASKED TO SEE LT. FLANNERY ON F-BLOCK ABOUT 11:30 AND EXPLAIN THE ABOVE MATTERS ALSO TELLING HIM HOW I'VE DONE EVERYTHING POSSIBLE TO SEEK RELIEF AND/OR REMEDIES IN PAIN FROM A ON GOING INJURY IN SCH. CO. PRISON.

86.) PLAINTIFF SEEN DEFENDANT DR. NARANG ON 4/27/2000, DR. NARAG ASKED PLAINTIFF HOW LONG HE WAS GOING TO BE IN SCH. CO. PRISON, BECAUSE HE WOULD LIKE TO RUN SOME TESTS ON PLAINTIFF AFTER PLAINTIFF EXPLAINED WHAT WAS WRONG WITH HIM IN HIS BACK AND LEG.

PART. II STATEMENT of CLAIM    DATE: 5/8/2000

87.) DEFENDANT, DR. NARANG LOOKED AT MEDICAL RECORDS WHEREAS PLAINTIFF MEDICAL RECORDS OF THIS INCIDENT AND ALL THAT HAPPENED IN THIS INCIDENT WAS MISSING UP TO THIS POINT, PLAINTIFF FIRST SEEING DOCTOR NARANG.

88.) WHEREAS PLAINTIFF HAS SEEN PARTS OF THIS INCIDENT AND VISITS TO MEDICAL RECORDS AS DEFENDANT, PATTY HOAKE HAS WRITTEN PLAINTIFF COMPLAINTS AND/OR CARE ABOUT HIS LEG AND BACK, ALSO WHERE PLAINTIFF HAD TO GO BACK AND FORTH TO GET WOUND CLEANED OUT.

89.) AND WHEREAS PLAINTIFF HAD TO GO TO SCH. CO. PRISON MEDICAL DEPT. TO HAVE FOREIGN BODY TAKEN OUT. DR. NARANG ASKED PLAINTIFF WHY WASN'T ANY OF THIS IN HIS MEDICAL FILE. PLAINTIFF TOLD DOCTOR DR. NARANG POTTSVILLE HOSPITAL SHOULD HAVE RECORDS OF THIS INCIDENT.

90.) THEN DEFENDANT, CORRECTIONAL OFFICE TODD) SETLOCK STATTED INMATE PULLINS IS GIVEN TRUE FACTS ABOUT WHAT HE'S SAYING, BECAUSE HE WAS THERE ON DIFFERENT OCCASSIONS WHEREAS HE HEARD AND SEEN PLAINTIFF TELL DEFENDANTS PATTY HOAKE AND CATHY KARADO EVERYTHING HE'S SAYING. DEFENDANT, DR. NARANG SAID HE WOULD PRESCRIBE MEDICATION TELLING PLAINT HE COULD LEAVE NOW.

91.) ON 4/28/2000 ABOUT 9:00 AM. MEDICATION DEFENDANT CATHY KARADO TOLD PLAINTIFF DR. NARG PRESCIBED TYLENOL TO PLAINTIFF. PLAINTIFF ASKED TO BE PUT BACK ON DOCTOR LIST WHEREAS THROUGHOUT THIS MATTER DEFENDANT CATHY KARADO HAS TAKEN PLAINTIFF OFF AND ON MEDICATION WITHOUT SEEING DR. NARANG.

92.) 4-30-2000, PLAINTIFF WROTE COMMISSIONERS OFFICE, INFORMING COMMISSIONERS FORREST L. SHADLE, JEROM P. KNOWLES, AND STANLEY H. TOBASH ABOUT THE ABOVE MATTERS LOOKING FOR RELIEF AND/OR REMEDIES RESOLVED IN THESE MATTERS. NO RESPONDS.

PART. IV STATEMENT OF CLAIM    DATE: 5/8/2000

93.) ON 5/1/2000, PLAINTIFF SEEN DEFENDANT, CATHY KARADO 9:00 A.M. MEDICATION GIVEN TYLENOL, PLAINTIFF ASKED TO SEE DR. NARANG AND/OR TO BE PUT ON DOCTOR LIST, BECAUSE LEG IS SWOLLEN AND THE SAME SYMPTOMS ARE REACCURING FROM LEG AND BACK.

94.) ON 5/2 AND 5/3/2000 PLAINTIFF HAVE BEEN TAKEN TYLENOL AND MOLTRON. DEFENDANT CATHY KARADO TOLD PLAINTIFF HE WOULD SEE DEFENDANT, DOCTOR NARANG ON 5/4/2000.

95.) PLAINTIFF WENT TO THE MEDICAL DEPT. IN PRISON. ON 5-4-2000 TO SEE DEFENDANT, DR. NARANG, WHEREAS DEFENDANT CHECKED PLAINTIFF LEGS BY HITTING THEM WITH A RUBBER HAMMER FOR REFLEX REACTION RIGHT LEG DIDN'T REACT AS FAST WHEREAS DOCTOR HIT KNEE ON RIGHT LEG AT LESS 6 AND/OR 7 TIMES BEFORE MOVING, DEFENDANT, DR. NARANG HIT LEFT LEG

96.) IT MOVED THE FIRST HIT. DEFENDANT DOCTOR NARANG MADE AN APPOINTMENT FOR PLAINTIFF TO SEE ORTHOPEDIC, LEAVEN PLAINTIFF ON TYLENOL SAYING PLAINTIFF WOULD TO SUFFER A LITTLE WHILE FOUR A FEW DAYS TELL SOURCE OF PROBLEM IS FOUND.

97.) ALL THE EVENTS DESCRIBED IN THIS COMPLAINT WERE WITNESSED BY PRISONER(S) JAMMIE MCCABE, JOE WHALEN, EDDIE MILLER, ED THOMAS, JIMMY CULBERT, CHARLIE BROWN, SEE EXHIBITS AND EXHIBIT:2.

98.) ON INFORMATION AND BELIEF, THE POLICY AND PRACTICE OF SCH. CO. PRISON IS TO FORBID PRISONERS FROM CORRESPONDING WITH OTHER PRISONERS OR FROM TALKING WITH OTHER PRISONERS WHO ARE IN SEGREGATION OR ISOLATION, EVEN WHEN SUCH COMMUNICATION IS ESSENTIAL TO THE CONDUCT OF A LAWSUIT.

PART. II STATEMENT of CLAIM    DATE: 5/8/2000

A.) DEFENDANT, COUNTY of SCHUYLKILL, IS SUED IN ITS OFFICIAL CAPACITY AS IT OVERSEES SCH. Co. PRISON AND IS RESPONSIBLE FOR ACTIONS OF ALL COUNTY EMPLOYEES, THEREIN.

B.) DEFENDANT, COUNTY of SCHUYLKILL COMMISSIONERS OFFICE, IS SUED IN ITS CAPACITY AS IT OVERSEES PRISON DAILY OPERATIONS AND POLICY(s) of SCH. Co. PRISON AND IS RESPONSIBLE FOR ACTIONS OF ALL SUBORDINATES, THEREIN.

C.) DEFENDANT, COUNTY OF SCHUYLKILL COMMISSIONERS OFFICE, IS SUED INDIVIDAULLY AND IN THERE OFFICIAL CAPACITY, COLLECTIVELY; FORREST L. SHADLE, JEROME P. KNOWLES, STANLEY H. TOBASH, AS THEY OVERSEE ALL DAILY OPERATIONS AND POLICY(s) of SCH. Co. PRISON AND IS RESPONSIBLE FOR ACTIONS OF ALL SUBORDINATES, THEREIN.

D.) DEFENDANT, SCHUYLKILL COUNTY PRISON, IS SUED IN ITS OFFICIAL CAPACITY AS ALL ACTIONS MENTIONED IN THIS COMPLAINT HAPPENED WITHIN THE CONFINES OF THE SCH. Co. PRISON, AND ACTIONS, THEREIN.

E.) DEFENDANT, GERALD BRITTON, IS SUED IN HIS OFFICIAL CAPACITY AS WARDEN OF SCH. Co. PRISON AND ACTED AS SUCH AT ALL TIMES HEREIN, AND IS RESPONSIBLE FOR ACTIONS OF ALL SUBORDINATES, THEREIN.

F.) DEFENDANT, GENE BERDINER, IS SUED IN HIS OFFICIAL CAPACITY AS DEPUTY WARDEN OF SCH. Co. PRISON AND ACTIED AS SUCH AT ALL TIMES MENTIONED, HEREIN.

G.) DEFENDANT, DAVID WARPINSKY, IS SUED IN HIS OFFICIAL CAPACITY AS CAPTAIN OF SCH. Co. PRISON AND ACTIED AS SUCH AT ALL TIMES MENTIONED, HEREIN.

H.) DEFENDANT, MICHEAL FLANNERY, IS SUED IN HIS OFFICIAL CAPACITY AS LIEUTENANT OF SCH. Co. PRISON AND ACTED AS SUCH AT ALL TIMES MENTIONED, HEREIN.

PART. II STATEMENT OF CLAIM          DATE: 5/8/2000

I.) DEFENDANT, ANTHONY KANKOWSKI, IS SUED IN HIS OFFICIAL CAPACITY AS LIEUTENANT OF SCH. CO. PRISON AND ACTED AS SUCH AT ALL TIMES MENTIONED, HEREIN.

J.) DEFENDANT, LAMOR GHERES, IS SUED IN HIS OFFICIAL CAPACITY AS LIEUTENANT OF SCH. CO. PRISON AND ACTIED AS SUCH AT ALL TIMES MENTIONED, HEREIN.

K.) DEFENDANTS, PAUL TAYLOR; STEVE BLOSCHICHAK; JOHN CARUSO; KEITH WITTING; JOE CONNORS; BILL KRUSS; TODD SETLOCK; IS SUED IN THERE OFFICIAL CAPACITY AS CORRECTIONAL OFFICERS OF SCH. CO. PRISON AND ACTIED AS SUCH AT ALL TIMES MENTIONED, HEREIN.

L.) DEFENDANT, MATT MORGAN, IS SUED IN HIS OFFICIAL CAPACITY AS HEARING EXAMINER OF SCH CO. PRISON AND ACTIED AS SUCH AT ALL TIMES MENTIONED, HEREIN.

M.) DEFENDANT, PATTY HOAKE, IS SUED IN HER OFFICIAL CAPACITY AS REGISTERED NURSE OF SCH. CO. PRISON AND ACTED AS SUCH AT ALL TIMES MENTIONED, HEREIN.

U.) DEFENDANT, CATHY KARADO, IS SUED IN HER OFFICIAL CAPACITY AS REGISTERED NURSE OF SCH. CO. PRISON AND ACTIED AS SUCH AT ALL TIMES MENTIONED, HEREIN.

?.) DEFENDANT, DR. HARCHARAN NARANG, IS SUED IN HIS OFFICIAL CAPACITY AS DOCTOR OF SCH. CO. PRISON AND ACTIED AS SUCH AT ALL TIMES MENTIONED, HEREIN.

SINCE TIME OF INCIDENT, IE. PLAINTIFF HAD BEEN RECEIVING UNEQUAL TREATMENT BY SCH. CO. PRISON AUTHORITIES AND EMPLOYEES THEREIN, WHO HAVE ACTED AND/OR ARE ACTING WITH DELIBERATE INDIFFERENCE TO PHYSICAL HEALTH OF INJURY, AND WELLING BEING OF PLAINTIFF AS WELL AS PRISON CONDITIONS, AND CONSTITUTIONAL RIGHTS AMENDMENTS 8TH, 5TH, AND 14TH SECTION ONE; FALSE INFORMATION, FALSE OBSERVATIONS, FALSE STATMENTS, HARASSMENT RESULTING IN PYSICAL AND MENTAL STRESS, PYSICAL AND MENTAL CRUELTY. PLAINTIFF MUST ENSURE AS A RESULT OF HIS FEAR OF ASSAULT AND/OR OTHER RETALIATION, KNOWINGLY AND WILLINGLY SHOWING GROSS DISREGAURD OF PLAINTIFF RIGHTS

PART I RELIEF        DATE: 5/8/2000

1.) PLAINTIFF BEATING FROM INMATES AND CORRECTIONAL OFFICERS INVOLVEMENTS, AND PRESENTS, WHICH PLAINTIFF SUFFERED CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHT AMENDMENT TO THE U.S. CONSTITUTION AND DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT. THE BEATING ALSO A-MOUNTED TO PUNISHMENT WITHOUT DUE PROCESS OF LAW, IN VIOLATION OF THE FOURTEENTH AMENDMENT TO U.S. CONSTITION.

2.) DEFENDANTS FAILURE TO PROVIDE MEDICAL CARE NEEDED BY PLAINTIFF FOR LEG AND BACK PAIN, AND NO FOLLOW UP TREATMENT RESULTING IN THE LEAVELY OF FOREIGN BODY, CONTINUES PAIN LEAVING PLAINTIFF SCARED FOR LIFE WITH CONTINUES LEG AND BACK PAIN AS WELL AS LIVEN CONDITIONS MENTIONED IN THIS COMPLAINT CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT AND PUNISHMENT WITHOUT DUE PROCESS OF LAW.

3.) DEFENDANT THREATS TO PUNISH PLAINTIFF FOR TAKING LEGAL ACTION, AND THEIR THREATS TO PUNISH PRISON-ERS WHO SUBMITTE AFFIDAVITS ON BEHALF PLAINTIFF, VIOLATED PLAINTIFF RIGHTS OF MEANINGFUL ACCESS TO THE COURTS, WHICH IS GUARATEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

4.) PLAINTIFF HAVE NO PLAIN, ADEQUATE AND/OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCIRBED HEREIN. PLAINTIFF HAVE BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS AND INJUNCTIVE RELIEF WHICH PLAINTIFF SEEK.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAY THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF:

1.) AN ORDER MOVED IN THIS COURT FOR APPOINTMENT OF COUNSEL, A MEMBER OF THE PENNSYLVANIA BAR, TO REPRESENT PLAINTIFF, BECAUSE SAMUEL E. PULLINS CAN-NOT AFFORD TO EMPLOY AN ATTORNEY, AND DON'T HAVE ADEQUATE KNOWLEDGE OF LAW, THIS MOTION IS BASED ON PLAINTIFF AFFIDAVIS IN SUPPORT OF HIS MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS. AND FOR

PART I RELIEF    DATE: 5/8/2000

APPOINTMENT OF COUNSEL, LEGAL AUTHORITY FOR AP-
POINTMENT AND COMPENSATION OF COUNSEL IS 28 U.S.C.
SEC. 1915 (D), AND 18 U.S.C. SEC. 3006 A(G), AS INTER-
PRETED IN MC CLAIN VS. MANSON, 343 F. SUPP. 382 D.
CONN. 1972.

2.) A DECLARATORY JUDGEMENT THAT THE DEFENDANTS'
ACTS, POLICIES AND PRACTICES DESCRIBED HEREIN
VIOLATE PLAINTIFF RIGHTS UNDER THE UNITED STATES
CONSTITUTION.

3.) A PRELIMINARY AND PERMANENT INJUCTION WHICH:

A.) REQUIRES DEFENDANTS, GERALD BRITTON (WARDEN) TO
REMOVE FROM THE PLAINTIFF PRISON FILES ANY WRITE-
UP AND/OR OTHER REPORTS CONCERNING THESE EVENTS
DESCRIBED, HEREIN AND PROHIBIT DEFENDANT, GERALD
BRITTON FROM PERMITTING ANY SUCH REPORTS TO BE
PLACED IN PLAINTIFF FILES AT ANY FUTURE TIME.

B.) REQUIRES DEFENDANTS, GERALD BRITTON AND OTHER
PRISON MEMBERS TO PAY DOCTOR BILL, AND TO CON-
TINUE TREATMENT FROM INJURY OF LEG AND BACK.

C.) REQUIRES DEFENDANT, GERALD BRITTON ANT OTHER
PRISON MEMBERS TO RELEASE ALL MEDICAL RECORDS
TO PLAINTIFF AND/OR PLAINTIFF LAW, AND ALL PARTS
MISSING FROM MEDICAL RECORDS FROM DATE OF
INCIDENT 10/26/99 TO 4/30/2000, AND IN THE FUTURE.

D.) PROHIBIT DEFENDANTS, THEIR AGENTS, EMPLOYEES,
SUCCESSORS IN INTEREST AND ALL OTHER PERSONS
IN ACTIVE CONCERT AND/OR PARTICIPATION WITH
THEM, FROM HARASSING, THREATENING, PUNISHING OR
RETALIATING IN ANY WAY AGAINST THE PLAINTIFF
BECAUSE HE FILED THIS ACTION AND/OR AGAINST ANY
OTHER PRISONERS BECAUSE THEY SUBMITTED AFFI-
DAVITS IN THIS CASE ON BEHALF OF PLAINTIFF OR
FROM TRANSFERRING PLAINTIFF TO ANYOTHER INSTITU-
TION, WITHOUT THEIR EXPRESS CONSENT, DURING THE
PENDENCY OF THIS ACTION.

PART. I RELIEF        DATE: 5/8/2000

4.) COMPENSATORY DAMAGES IN THE AMOUNT OF $100,000.00 TO PLAINTIFF.

5.) PUNITIVE DAMAGES IN THE AMOUNT OF $100,000.00 TO PLAINTIFF.

6.) TRIAL BY JURY ON ALL ISSUES. TRIABLE BY JURY.

7.) PLAINTIFF COST OF THIS SUIT.

8.) SUCH OTHER END FURTHER RELIEF AS THIS COURT MAY DEEM JUST, PROPER AND EQUITABLE.


DATE: 5/8/2000                    RESPECTFULLY SUBMITTED,
                                 SAMUEL E. PULLINS
                                 SCH. CO. PRISON, 2ND AND SAN-
                                 DERSON ST. POTTSVILLE PA.
                                 17901.
                                   IN PROPIA PERSONAM


I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FORE GOING IS TRUE AND CORRECT.
EXECUTED AT SCH. CO. PRISON, POTTSVILLE, PA.
ON DATE: 5/8/2000  *Samuel E. Pullins

EXHIBITS "I"

**DC-804**
PART 1

## COMMONWEALTH OF PENNSYLVANIA
### DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO. #2

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| (WARDEN) BRITTON | SCHUYLKILL COUNTY PRISON | 12-14-99 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| SAMUEL E. PULLINS | Samuel E. Pullins | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| E-11 SOLIDERY CONFIDMENT | E-11 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance: UNDER THE 801 RULES OF COUNTY PRISON PROCEDURES YOU DIDN'T RESPONDE TO MY APPEAL WITHIN 10 DAYS. YOUR OFFICER(S) G.TAYLOR, SGT CARLOS SLOWNTING LIED AND FALSIFIED DOCUMENTS FICTIOULSY DIVESTING THE AUTHORITY OF THE COUNTY PROCEDURES IN THIS WRITE-UP ON 10-26-99. IN REFERENCE OF THE ALLEGED VIOLATIONS OF MY CONSTITIONAL RIGHTS 8,14,16 ETC. THAT HAS BEEN COMMITTED BY THE SCHUYLKILL COUNTY PRISON FOR INADPROPRIATLY ALLOWING THE CIRCUMSTANCE IN WHICH MY LIFE WAS AT STAKE AND IN SERIOUS JEOPARDY. WHERE FARE THE ADMINISTRATION HAS SUCESSFULLY ALLOWED SUCH ATTACK AGAINST MY LIFE. WHICH DURING THIS ALTERCATION BETWEEN ME AND ANOTHER INMATE (GOMEZ R.) THE GUARD MADE NO ATTEMPT TO SUBDUE HIM FROM ASSAULTING ME WITH A MOP RINGER. THERE FORE I'VE TRIED TO VINDICATE THE NATURE OF THE FACTS THROUGH GRIEVANCE(S) BUT UNFORTUNATELY THE (WARDEN) BRITTON REFUSE TO ACKNOWLEDGE THE MANNER OF MY REQUEST TO SEEK RELIEF AND SURELY I REMONSTRATE THAT THE COMPLAINT I'M MAKING HAVE MERIT TOWARDS THEY REMISS NEGLIGENCE OF THE INCIDENT. FOR ALLOWING ME TO BE ASSAULTED BRUTALLY BY THIS INMATE GOMEZ R. WHILE THE CORRECTIONAL OFFICERS WAS PRESENT, THERE FORE AFTER I WAS SUBDUED THEY LET (INMATE) GOMEZ R. GO TO PROCEED IN HIS ATTACK AGAINST ME. WHICH CAUSED SERIOUS BODILY INJURY TO MY PERSON WHEREAS MY PERSON HAD TO RECEIVE TREATMENT AT POTSVILLE HOSPITAL BY HAVING STICHES PUT IN MY RIGHT LEG THEN THIS ADMINISTRATION DENIED ME PROPER TREATMENT OF GOING BACK TO THE DOCTOR TO HAVE STICHES REMOVED IN RESORT OF SCHR NURSE REMOVED ALL BUT ONE STICHE OUT OF MY LEG (11-12-99) NOW THE HOSPITEL IS SENDING (12-13-99) MY PERSON BILLS ON THESE INJURES FROM THIS INCIDENT THROUGH SCHUYLKILL COUNTY PRISON INVOLVEMENT OF THESE INJUSTICE THAT HAS BEEN DONE AGAINST ME.

B. Actions taken and staff you have contacted before submitting this grievance: I APPEALED MY WRITE-UP TO (WARDEN) BRITTON STATING I DID YOU NO WRONG AND ASKED THAT SOMETHING BE DONE ABOUT THIS TIME IN THE (HOLE) BECAUSE I'M THE ONLY PERSON THATS PUNISHED WHEREAS (INMATE) GOMEZ R. HAS LEFT S.C.P. NO RESPONDES. THIS IS MY SECOND GRIEVANCE TO (WARDEN) BRITTON, MY PERSON RECIEVIED A DOCTOR BILL FOR THIS INCIDENT OF MY INJURES. SCHUYLKILL COUNTY PRISON AS TO PAY THIS B.I.L. IT HAPPENED IN THERE CARE. SO I GIVE THE BILL (SUPERVISOR) FLANNERY ASKING FOR A RECIET SHOWING THAT THIS BILL HAS BEEN PAID. NO RESPONDES OR RELIEF IN ANY MANNER OF REQUEST.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Grievance Coordinator

_____
Date

R5

## SCHUYLKILL COUNTY PRISON

## Pottsville, Pennsylvania

CASE NO: 1995

### CONDUCT COMPLAINT

RESIDENT _Pullins S. (F-K)_ DATE _10-26-99_

TIME _7:20 PM_ TIME AND DATE
OF HEARING _10/29/99 @ 10am_

INCIDENT: On the Above date And time this C/O Along with C/O CARuso, C/O Bloschichak, C/O Wittig, And Supt. Kankowski were called to F-Blk. for A Fight. When in F-Blk. Res. Pullins,S had A handle from the mop. Res. Gomez, R. was swinging A mop Ringer At Res. Pullins,S. Res. Brown, C. was trying to Break the fight up. After the fight was broke up All the Residents of F-Blk. were locked down.

#### CLASS 1 Misconducts

4. CARRying A deadly WEApon
10. Rioting or inciting A Riot
13. ConpiRacy to Riot or disrupt NoRmal institution Routine
15. Threatening AN Employee or inmate with bodily HARM or Injur
16. ASSAults And fighting
18. Refusing to Obey AN order
20. BReaking Restrictions or quaRANtine
30. Insolence or disrespect toward A Staff member
33. Violation of Administrative directives not specifically enumerat

COMPLAINING OFFICER _C/o Taylor_

RESIDENT WITNESSES:

1. Tammie McCabe
2. Joe Whalen
3. Eddie Miller
4. Ed Thomas
5. Jimmy Culbert
6. Charlie Brown

STAFF WITNESSES:

1. C/o Caruso
2. C/o Bloschichak
3. _____
4. _____
5. _____
6. _____

EXHIBITS 3

RES

## SCHUYLKILL COUNTY PRISON

### Pottsville, Pennsylvania

CASE NO: 2035

## CONDUCT COMPLAINT

RESIDENT Pullins, S          DATE 2-13-00

TIME          4:00          TIME AND DATE
                            OF HEARING    2/17/00 @ 6pm

INCIDENT: On above date & Time after Serving Trays in Fblk
there was an extra tray on the Cart, Res. Pullins, S used me
if he could have the tray I told him no. After telling him no he
Started Using profane language directed toward me while he was
walking to his Seat. I walked up to him and asked what he Said.
He told me nothing don't worry about it will talk later. While loc
the inmates down on Fblk I went to his cell to give me a war
at which point he Started puting on his Sneakes & told me wha
ever I got to Say, Say it now at which point I called for
other officers & Told him he is majored

COMPLAINING OFFICER C/o Kruss

RESIDENT WITNESSES:                    STAFF WITNESSES:

                                      1. C/o Bloschichak
1._____                 2._____
2._____                 3._____
3._____                 4._____
4._____                 5._____
5._____                 6._____
6._____

## SCHUYLKILL COUNTY PRISON

## Pottsville, Pennsylvania

EXHIBITS #4

RESIDENT _Pullins, S_

PRISON NO. _____

CASE NO: _____
TIME: _4:00_
DATE: _2-13-00_

RESULTS OF HEARING:

Violation of the Following Class 1 Misconducts

#12  Rioting or inciting to Riot

#13  Disrupt normal institution routine that could result in bodily injury to personnel or inmates.

#31  Insolence or disrespect toward a staff member

#33  Violation of administrative directives not specifically enumerate

FINDING: _____GUILTY  _____NOT GUILTY

DISPOSITION:

ATTENDED HEARING:

1._____    3._____

2._____    4._____

_____
WARDEN'S SIGNATURE

EXHIBITS #5

E

Resident

# SCHUYLKILL COUNTY PRISON

## Pottsville, Pennsylvania

CASE NO: 2035

RESIDENT   SAM PULLINS

TIME:   6PM

PRISON NO.

DATE:   2/17/00

RESULTS OF HEARING:

BOARD:   C/O HERRING, TAYLOR, LT GEHRES
CHAIRED:   LYNN BUCHLER

| | |
|---|---|
| C/O KRUSS: | READ CONDUCT REPORT TO BOARD & RES. PULLINS. |
| BUCHLER: | IS THE REPORT TRUE AS STATED? |
| KRUSS: | YES. |
| BUCHLER: | HOW DO YOU PLEA? |
| PULLINS: | NOT GUILTY TO 12, 13, 33 |
| BUCHLER: | DO YOU HAVE ANYTHING TO SAY? |
| PULLINS: | I DIDN'T DO ANYTHING OF WHAT HE SAID IN THE REPORT. I DIDN'T SAY ANYTHING I WAS IN MY CELL. HE GAVE SOMEONE ELSE SOMETHING OFF THE TRAY. I ASKED FOR THE REST OF IT, HE SAID "NO". I WAS CURSEING THAT HE GAVE TO OTHERS BUT NOT TO ME. |

FINDING:   x   GUILTY _____ NOT GUILTY

DISPOSITION:   GUILTY TO #13, 31 - 10 DAYS EACH.   20 DAYS - CREDIT FOR TIME SERVED
4 DAYS.   16 DAYS REMAINING ON "F" BLOCK.

ATTENDED HEARING:

1. _Lynn Buchler_

3. _C/O Herring_

2. _C/O Taylor_

4. _LT Gehres_

_Gerald F. Butts_

WARDEN'S SIGNATURE

*Key*

### Pottsville, Pennsylvania

#### CONDUCT COMPLAINT

CASE NO: 4047

RESIDENT _Pullins, Sam_    DATE _2/21/00_

TIME _8:45 pm_    TIME AND DATE OF HEARING _2/28/00 @ 10:45pm_

INCIDENT:

On above date & time when Lt. Gehres was giving meds out in F-blk., res. Pullins was yelling at Lt. Gehres stating that "they were not his meds. I C/o Connors told res. Pullins to Lock up at which time res. Pullins started cursing this C/o as he was going up to his cell on the top tier.

The following are Class I Misconducts:

#⑫ - Rioting or inciting to riot

#⑬ - Disputing normal institution routine that could result in bodily injury to personnel or inmates.

#⑮ Refusing to obey an order.

#㉛ Insolence or disrespect toward a staff member.

COMPLAINING OFFICER _C/o Connors_

RESIDENT WITNESSES:

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____

STAFF WITNESSES:

1. _Lt Gehres_
2. _____
3. _____
4. _____
5. _____
6. _____

#㉝ Violation of administrative directives not specifically enumerated

EXHIBIT # 7

...nni,

Dr. Narang perscribed Motrin or Tylenol. Dr. Narang is the only one who can recommend something stronger. For now your chart reads Motrin (PRN) - or Tylenol - whichever works better. Write to me if you have any more questions.

2-22-00

EXHIBIT # 8

Residen

# SCHUYLKILL COUNTY PRISON

## Pottsville, Pennsylvania

|  |  |
|---|---|
| RESIDENT   SAM PULLINS | CASE NO:   2047 |
| PRISON NO. | TIME:   6:45 |
|  | DATE:   2/28/00 |

RESULTS OF HEARING:    BOARD:  C/O BOWERS & WITTIG
                                      CHAIRED:  LYNN BUCKLER

C/O CONNORS:        READ CONDUCT REPORT TO BOARD & RES. PULLINS

BUCHLER:            IS THE REPORT TRUE AS STATED?

CONNORS:            YES.

BUCHLER:            HOW DO YOU PLEA?

PULLINS:            NOT GUILTY TO ALL

BUCHLER:            DO YOU HAVE ANYTHING TO SAY?

PULLINS:            I DIDN'T DO ANY OF THIS..  I NEED MEDS FOR MY BACK & LEGS.
                    WAS TO GET LODINE 400 MG.  I FEEL THIS IS HARASSMENT.
                    I SAW THE DOCTOR ON 2/16.  FOR 5 DAYS AND DIDN'T GET NOTHING.

FINDING:   X  GUILTY _____ NOT GUILTY

DISPOSITION:   GUILTY TO #13 – 15 DAYS, #31 – 15 DAYS.   TOTAL 30 DAYS.   CREDIT FOR
               7 DAYS SERVED.  23 DAYS TOTAL. CS TO OTHER SENTENCE

ATTENDED HEARING:

1. _____        3. _____

2. _____        4. _____

_____
WARDEN'S SIGNATURE

EXHIBIT #9

REQUEST
REQ #2

SCHUYLKILL COUNTY PRISON 7/29/87

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

**INSTRUCTIONS**

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) (WARDEN) BRITTON | 2. DATE 2/22/2000 |
|---|---|

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) SAMUEL PULLINS | 4. COUNSELOR'S NAME JOE |
|---|---|

| 5. WORK ASSIGNMENT E-3 | 6. QUARTERS ASSIGNMENT E-3 |
|---|---|

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

NOW, I WROTE YOU A REQUEST SLIP YESTERDAY ABOUT NOT GETTING MEDICATION THE DOCTOR PRESCRIBED TO ME. I GAVE THAT REQUEST SLIP TO THE (SUPERVISOR) FLANNERY. I SEE THE DOCTOR LAST WENSDAY 2/16/2000. (SUPERVISOR)'S FLANNERY TOLD MYPERSON EVERYDAY FROM 2/17 - 2/20/2000 THE NURSE CATHY ORDERED IT, BUT IT HASN'T GOT HERE, YET. (SUP.) LAMAR TOLD ME ~~THE~~ FROM 2/17 - 2/20/2000 NOTHING'S IN THE BOOK FOR ME. NOW TODAY, LAMAR CAME ON F-BLOCK I WENT DOWN THE STAIRS TO GET MEDICATION. LAMAR ~~TRIED~~ TRYED TO GIVE ME MOTRON, I REFEWES TO TAKE IT BECAUSE THE DOCTOR DIDN'T PRESCRIB IT TO ME WHEREAS EARLIER THAT MORNING THE (NURSE) CATHY SAID MY MEDS. WAS HERE. SO LAMAR GOT

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

SMART CALLING ME OUT OF MY NAME TALKING ABOUT GO LOCK-UP, I SAID, I'M GOING AS I WAS EXPLAINING TO HIM MY SITUATION! HE HAS BEEN HARRASSING ME OVER THIS EVERY TIME I GO TO THE CART. NOW, I WAS PUT IN THE HOLE, THE GUARD JOE C. STARTED GETTING SMART, SO I TOLD HIM HE DON'T EVEN NO WHATS GOING ON MY BACK & LEGS BEEN HURTING ME EVERY SENSE I WAS HIT ON MY LEG WITH A MOP RINGER, NOW I'M BEING DENIED MEDICAL TREATMENT.

RN Cathy,
could've been not written
in the book.

2 meds - ? 451 - Tylono
*- Motrin

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|

*EXHIBIT "10"*

SCHUYLKILL COUNTY PRISON 7/29/87
**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

*PART #1*

**INSTRUCTIONS**

*Complete Items Number 1-7. If you follow instructions in preparing your request. it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) (WARDEN) BRITTON | 2. DATE 4/10/2000 |
|---|---|

3. BY: (INSTITUTIONAL NAME AND NUMBER) SAMUEL E. PULLINS #010381

4. COUNSELOR'S NAME JOE

5. WORK ASSIGNMENT Block F cell #17

6. QUARTERS ASSIGNMENT

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

I SEEN DR. NARANG 3/8/2000. HE PUT MY PERSON ON (WATSON 418) (1) PILL AND (RELAFEN 500 + 250) (1½) PILLS. THEN TOLD MY PERSON TO COME BACK IN TEN DAYS TO TELL HIM HOW THESE MEDICATIONS WAS WORKING. MY PERSON SIGN UP TO SEEN DR. NARANG 3/21/2000. THE NURSE CATHY CAME TO E-BLOCK (THE HOLE) TELLING MY PERSON THE DR. SAID I CAN HAVE (RELAFEN) ANY TIME BUT TAKE WATSON 418 ONLY (7) MORE DAYS AND THAT'S IT. I SIGNED-UP TO SEE THE DOCTOR AGAIN (NURSE) CATHY PUT ME BACK ON WATSON 418 WITHOUT SEEING THE DOCTOR, THIS WAS 3/30/2000. I SIGN-UP TO SEE THE DOCTOR 4-3-2000, I SEEN (NURSE) CATHY 4-6-2000. I ASKED (NURSE) CATHY ABOUT SEEING DR. NARANG, BECAUSE SHE TOOK ME OFF WATSON 418

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

AND PUT MY PERSON ON WATSON 418 WITHOUT MY PERSON SEEING OR EXPLAINING THE EFFECT OR THE WAY I FEEL FROM MEDICATION WATSON 418 TO DR. NARANG.

I GAVE BOTH PARTS #1 & #2    *Samuel E. Pullins*
TO L.T. FLANNERY    4/10/2000

☐ TO DC-14 CAR ONLY

☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER

DATE

EXHIBIT #11

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

PART #2

**INSTRUCTIONS**

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) (WARDEN) BRITTON | 2. DATE 4/10/2000 |
|---|---|

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) SAMUEL E. Pullins #010381 | 4. COUNSELOR'S NAME JOE |
|---|---|

| 5. WORK ASSIGNMENT Block-F, CEll #17 | 6. QUARTERS ASSIGNMENT |
|---|---|

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

4/7/2000, I WAS GIVEN NO MEDICATION THAT MORNING AND (500 mg) RELAFEN THAT NIGHT. 4/8/2000, I WAS GIVEN NO MEDICATION THAT MORNING AND A MOLTRON THAT NIGHT. 4/9/2000, I WAS GIVEN NO MEDICATION THAT MORNING. I SEEN NURSE CATHY WALKING BY F-Block AT ABOUT 4:30 P.M. AND TRIED TO ASK WHY I'M NOT GETTING THE MEDICATION DOCTOR NARANG PRESCRIBED TO MY PERSON WATSON 418 AND 500 + 250 RELAFEN. SHE SAID WRITE HER UP. I'm IN CONTINUES PAIN FROM THE BOTTOM OF MY LEG TO THE MIDDLE OF MY BACK FROM A INJURY THAT HAPPENED TO ME WHILE AT SCH. CO. PRISON, 10-26-99. WHERE AS (NURSE) PATTY HOAKE DIDN'T HAVE ANY DOCTOR(S) PERMISSION TO TAKE FOREIGN BODY

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

OUT OF MY LEG, SHE DIDN'T HAVE ENOUGH SCHOOLING TO MAKE THAT DICISION, SHOWING FROM LEAVING A PART OF FOREIGN BODY IN MY RIGHT LEG. HOW (NURSE) CATHY KARADO, DON'T HAVE ENOUGH SCHOOLING TO MAKE DOCTOR DICISIONS AS SHOWN IN THIS MATTER, AS WELL AS DENYING MY PERSON MEDICAL TREATMENT.

I GAVE BOTH PARTS #1 #2    Samuel E. Pullins
TO L.T. FLANNERY

☐  TO DC-14 CAR ONLY                    ☐  TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|

EXHIBIT #12

```
Date:04/20/2000
Time:14:23

Receipt#:31556

Inmate Information
Name:PULLINS, SAMUEL E.
Booking#:010925
    PCP#:010381
     SS#: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

Beginning Balance:106.61
   Ending Balance:101.61

Housing Information
Section:MAIN
  Block:E
   Cell:8
    Bed:1

Date/Time        Code         Amount
Description      Type          Check
04/20/2000 14:23 WithDrawal    -5.00
SICK CALL 4-10-0 ME
DLN#:

     Total All Transactions   -5.00
```

```
:===============================
```
Inmate Signature Line