UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL E. PULLINS,             :
                               :
        Plaintiff              :   CIVIL NO. 1:CV-00-0872
                               :
     v.                        :   (Judge Kane)
                               :
COUNTY OF SCHUYLKILL, et al.,  :
                               :
        Defendants             :

ORDER

### Background

Samuel E. Pullins, an inmate formerly confined at the Schuylkill County Prison, Pennsylvania[1], filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. For the reasons outlined below the complaint will be dismissed and plaintiff will be allowed an opportunity to submit an amended complaint.

Plaintiff's complaint consists of a form § 1983 complaint which this court routinely provides to pro se litigants and twenty-three (23) attached handwritten pages, which consist of ninety-eight (98) paragraphs of allegations, fifteen (15) causes of action and twelve (12) paragraphs of relief. In addition to his complaint, on June 29, 2000, the plaintiff filed a twenty-five (25) page

---

1. Plaintiff now resides at 4006 Perry Street, Jacksonville, Florida.

handwritten supplement to his complaint which contained an additional seventy (70) paragraph of allegations. The complaint is a rambling document and lacks any semblance of clarity. The complaint contains a total of over 168 paragraphs and sets forth alleged conduct against twenty-one (21) named defendants.

Pro se parties are accorded substantial deference and liberality in federal court. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Hughes v. Rowe</u>, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in § 1983 cases, a § 1983 complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.[2] A civil rights complaint complies with this standard if it

---

2. In <u>Leatherman v. Tarrant County Narcotics Unit</u>, ___ U.S. ___,
(continued...)

alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, plaintiff's complaint is a flagrant violation of Rule 8. It does not give the defendants fair notice of what plaintiff's claim is and the grounds upon which it rests. Answering the complaint in standard form, that is, by admission or denial, would be impossible. Furthermore, the court is unable to determine with any degree of certainty all of the allegations and the defendants whom the plaintiffs wish to include in this action. Accordingly, it is subject to sua sponte dismissal by the court. Such dismissal will be ordered with leave to file an amended complaint. See Salahudin v. Cuomo, 861 F.2d 40 (2d Cir. 1988).

Plaintiff is also reminded that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint already filed. Such amended complaint should set forth plaintiff's claims in short, concise and plain statements. It should specify which actions are

---

2. (...continued)
113 S.Ct. 1160 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." Id. at 1163.

alleged as to which defendants. If plaintiff fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

AND NOW, THEREFORE, THIS 25th DAY OF JUNE, 2001, IT IS HEREBY ORDERED THAT:

1. Plaintiff's complaint is dismissed for failure to comply with Fed. R. Civ. P. 8 with leave to file an amended complaint, consistent with the background of this order, within twenty (20) days of the date hereof.

2. The Clerk of Court is directed to provide the plaintiff with a form § 1983 complaint.

3. If the plaintiff fails to file an amended complaint within twenty (20) days of the date hereof, the Clerk shall close this case without further order of court.

YVETTE KANE
United States District Judge

YK:dlb